### HEALY BAKER *vs.* LUCY G. HATHAWAY.

Under Gen. Sts. *c.* 108, § 3, a married woman with the written assent of her husband may enter into a written executory agreement for the sale of her real estate, and specific performance thereof may be enforced in equity.

It is no cause of demurrer to a bill in equity for the specific performance of an agreement for a conveyance of land to the plaintiff or to such other person as he might designate, that in bringing the bill the plaintiff describes himself as administrator, or that, in the agreement, the land to be conveyed was described simply as " the lot of land containing fourteen acres, more or less, which lies on the northerly side and adjoining the estate now or formerly owned by J. S., in the town of A."

BILL IN EQUITY for the specific performance of the following agreement : " We the undersigned do hereby agree that we will convey by good and sufficient deed to Healy Baker or to such other person as he may designate the lot of land, containing fourteen acres more or less, which lies on the northerly side and adjoining the estate now or formerly owned by Sally Wheelock in the town of Grafton, Mass. And we further agree to transfer to said Baker as aforesaid, or to such person as he may designate, all our claims of whatever nature or description against said estate or against any of the heirs of said estate, or against or upon the land now or formerly owned by said Wheelock or

any of the heirs as aforesaid. And all the foregoing we agree to do on being paid therefor the sum of two hundred dollars in money; and this agreement is made in consideration of one dollar to us paid, the receipt of which we hereby acknowledge. Salmon Hathaway. Lucy G. Hathaway. Grafton, April 9, 1861."

The plaintiff in his bill described himself as administrator of the estate of Sally Wheelock, and described the defendant as the wife of Salmon Hathaway.

The defendant demurred to the bill, for the reasons stated in the opinion; and the case was reserved by *Hoar*, J. for the determination of the whole court.

*W. F. Slocum*, for the defendant.

*G. F. Hoar*, for the plaintiff.

DEWEY, J. 1. It ts objected that a married woman cannot bind herself by an executory contract to convey her lands in fee. It is so at common law; and under immemorial usage in Massachusetts, authorizing a deed of conveyance executed by the husband and wife as the proper mode to pass the lands of the wife, it has always been held that the wife was not bound by any covenants contained in such deed. But by Gen. Sts. *c.* 108, § 3, " a married woman may bargain, sell or convey her separate real and personal property, and enter into any contracts in reference to the same." But no conveyance by her of an estate in fee simple is authorized by the statute " without the assent of her husband in writing, or his joining with her in the conveyance," or the consent of one of the judges, under certain circumstances stated in the statute.

This real estate was her sole and separate property, and she was under the statute authorized to sell and convey the same, having the assent of her husband in writing, or he joining with her in the conveyance. The husband, joining with her in the contract to convey the land, has thereby signified his consent to the same, and this obviates the objection that the wife could not be bound by a contract to sell, because she could not make a written conveyance without the assent of her husband. It is urged on the part of the defendant that the authority given by

the statute to a married woman to " bargain, sell and convey " imports nothing more than the right to give a deed of bargain and sale, technically so called.   But we think that the whole section taken together implies more than this, and confers upon the wife the power to make an executory contract for the sale of her lands, in case she has the written assent of her husband, as provided in the statute.   This would seem to be a necessary and useful power to be exercised in many cases as preliminary to an actual conveyance, and, under the same restrictions as to the concurrence of her husband as exist in relation to an actual conveyance, we are of opinion that such contract is a valid one.

2. It is objected that the terms of this contract are so uncertain and ambiguous as on that account to forbid a decree of specific performance of the same.   As to the real estate, we cannot know on this demurrer that the lot of land described in the contract is not one familiarly known and easily ascertained from the general description of it given in the contract.   Nor do we see any sufficient grounds for sustaining a demurrer to the whole bill on account of any supposed uncertainty in reference to the particular claims that are promised to be transferred.

3. It is objected that this bill is brought by Healy Baker as administrator of the estate of Sally Wheelock, and not in his own right, and that he seeks to enforce the same in such representative capacity.   It is true that the plaintiff annexes to his name the title of administrator, &c., but in the stating part of his bill he sets forth the agreement as actually made with himself, and asks no other performance than in the manner stated in the contract.   It was competent, under this agreement, for him to require the stipulated conveyance to be made either to himself or such other persons as he might designate.   But this bill may well be considered as brought by Baker personally, if necessary to sustain the same, and the addition of administrator may be treated as merely descriptive, as was held in the case of *Talmage* v. *Chapel*, 16 Mass. 73.        *Demurrer overruled.*